UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____-cv-_____

JOHN BIGGIE,                                    State Court Case No.
                                                50-2016-SC-008139-XXXX-MB
   Plaintiff,

vs.

SUNTRUST MORTGAGE, INC.,

   Defendant.
_____/

**DEFENDANT SUNTRUST MORTGAGE, INC.'S NOTICE OF REMOVAL**

Defendant, SunTrust Mortgage, Inc. ("Defendant"), through undersigned counsel and with full reservation of all rights to file a response to the Complaint (or any amended Complaint, if applicable) and pursue all defenses and counterclaims available to it in this action and otherwise, hereby removes the above-captioned action from the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled as *John Biggie v. SunTrust Mortgage, Inc.*, Case No. 50-2016-SC-008139-XXXX-MB, to the United States District Court for the Southern District of Florida. As set forth more fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Further, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendant satisfied the procedural requirements for removal. In support of its Notice of Removal, Defendant states the following:

**I.    STATE COURT ACTION**

1.    On or about July 26, 2016, Plaintiff, John Biggie ("Plaintiff"), commenced this action against Defendant by filing his Complaint with the Clerk of the County Court of the

Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court Action"). This State Court Action is assigned to Case No. 50-2016-SC-008139-XXXX-MB. Defendant was served on July 29, 2016.

2. The Complaint raises a single cause of action pursuant to the Federal Real Estate Settlement Procedures Act ("RESPA"). Compl., at ¶¶ 18-31. Specifically, Plaintiff alleges that he, through his attorney, sent Defendant a purported Request for Information pursuant to 12 C.F.R. § 1024.36. *Id.* at ¶ 14. Plaintiff claims that Defendant violated RESPA by failing to acknowledge receipt of the Request for Information within a timely basis. *Id.* at ¶ 17.

3. The Complaint seeks various forms of relief for Plaintiff including actual damages, costs, and attorneys' fees. *Id.* at ¶¶ 28-31.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION.

4. Defendant may remove this action to Federal court because this Court has jurisdiction of this action under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1441.

5. The Federal removal statute provides that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Further, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

6. Here, Plaintiff has asserted a claim under United States law. Count I of Plaintiff's Complaint raises a cause of action pursuant to the Federal RESPA. Compl., at ¶¶ 18-31. Congress enacted RESPA in 1974, and it is officially interpreted by the Code of Federal Regulations, 12 C.F.R. § 1024.36. Specifically, Plaintiff alleges that Defendant failed to timely acknowledge a Request for Information, sent pursuant to 12 C.F.R. § 1024.36. Compl., at ¶¶ 20-21.

7. Plaintiff must prove that Defendant violated federal law, namely RESPA and the Code of Federal Regulations and incurred actual damages as a direct result of the alleged violation. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Thus, because the Federal questions presented are necessary to the resolution of this case, this action should be heard in this Court pursuant to 28 U.S.C. § 1441(a).

### III. VENUE IS PROPER IN THIS COURT

8. The United States District Court for the Southern District of Florida, Palm Beach Division, is the Federal judicial district encompassing the Fifteenth Judicial County Court in and for Palm Beach County, Florida. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

### IV. PREREQUISITES FOR REMOVAL HAVE BEEN MET

9. The prerequisites for removal under 28 U.S.C. §§ 1331, 1441 and 1446 have been met.

10. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed – Palm Beach County, Florida. 28 U.S.C. §1446(a).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

11. <u>Original Jurisdiction</u>. The prerequisite for 28 U.S.C. §1441(a) is satisfied because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

12. <u>Removal is Timely</u>. This removal is timely because 30 days have not elapsed since Defendant was served with Complaint on July 29, 2016. *See* 28 U.S.C. § 1446(b).

13. <u>Pleadings and Process</u>. Attached hereto as **Composite Exhibit "A"** are copies of all process, pleadings, and orders served upon Defendant in the State Court Action, together with the Complaint and an on-line docket listing all State Court filings. *See* 28 U.S.C. § 1446(a).

14. <u>Notice</u>. Attached hereto as **Exhibit "B"** is a copy of a Notice of filing Notice of Removal and a copy of a Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* 28 U.S.C. §§ 1446(a), (d).

15. <u>Signature</u>. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

## V. RESERVATION OF RIGHTS/OBJECTIONS

16. This Notice of Removal does not waive any objections Defendant may have regarding defects in process or service of process, jurisdiction, venue or any other defense.

17. Defendant expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

18. If questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to file a brief or further evidence and to make an oral argument in support of removal.

## VI. NOTICE OF RELATED CASE

19. In conjunction with the removal of this action, Defendant hereby gives notice that the State Court Action arises out of the same transaction and circumstances as a case currently pending before the United States District Court, Southern District of Florida, Palm Beach Division, styled *Deutsche Bank Trust Company Americas as Trustee RALI 2006-QS8 v. John Biggie, et al.*, Case No. 9:16-cv-80553-KAM (the "Related Case"). Specifically, SunTrust Mortgage, Inc. is the servicer of the loan and loan documents on behalf of the Plaintiff in the Related Case, a mortgage foreclosure action. Both the State Court Action and the Related Case arise out of the contractual loan relationship evidenced by the promissory note and mortgage which plaintiff in the Related Case is seeking to enforce. Therefore, Defendant hereby gives notice of its intent to file a motion to consolidate the instant case with the Related Case for purposes of judicial economy and other reasons.

**WHEREFORE**, Defendant, SunTrust Mortgage, Inc., removes this action from the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, Palm Beach Division.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for SunTrust Mortgage, Inc.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com


By: /s Mark E. Steiner
    FRANK P. CUNEO
    Florida Bar No. 0123188
    MARK E. STEINER
    Florida Bar No. 028513

– 6 –

## CERTIFICATE OF SERVICE for NOTICE OF REMOVAL

I HEREBY CERTIFY that on this 9th day of August, 2016, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record.

/s/ Mark E. Steiner<br>MARK E. STEINER

Brian K. Korte, Esquire
service@kwlawfirm.com
Korte & Wortman, P.A.
Attorneys for Plaintiff
2041 Vista Parkway
West Palm Beach, FL 3341